# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 22-0173 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BRYAN ODELL RASCO | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

On November 19, 2024, Defendant Bryan Odell Rasco ("Rasco") filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Record Document 48. The Government filed its opposition on January 6, 2025. *See* Record Document 55. After the Government filed its opposition, Rasco filed one additional memorandum in support of his motion for compassionate release. *See* Record Document 56. On May 8, 2025, this Court issued a ruling denying Rasco's motion. Record Document 58. The Court is now in receipt of a letter filed by Rasco alleging that he did not receive a copy of the Government's opposition to his compassionate release motion, and therefore did not have an opportunity to "rebut[] the government's response, if necessary." Record Document 59.

It appears that the Government attempted to serve a copy of its opposition to the incorrect address. In the Court's electronic filing system, Rasco's address is listed at USP Pollock in Pollock, Louisiana. However, the Government's certificate of service provides that the opposition was served to Rasco via mail at "USP Pollack" in Beaumont, Texas. Record Document 55 at 11. The Court stresses to counsel for the Government the

profound importance of ensuring petitioners in criminal cases are properly served with court filings.

Federal Rule of Criminal Procedure 49(a) requires that parties be served with "any written motion . . . , written notice, designation of the record on appeal, or similar paper." Because the Government's opposition here was not served to Rasco's "last known address," service of this paper was never completed. *See* Fed. R. Crim. P. 49(a)(4)(C). Given the Government's error, the Court finds it in the interest of justice to allow Rasco an opportunity to file a reply. The Court notes that "[a] reply is not a forum to raise new arguments, but rather is an opportunity to respond to the arguments raised in the response." *United States v. Brown*, No. 18-CR-0020, 2020 WL 7183366, at *1 n.3 (E.D. La. Dec. 7, 2020). Thus, Rasco's reply should only address those arguments raised in the Government's opposition; it should not raise new arguments.

For the reasons assigned herein, **IT IS ORDERED** that the Court's order denying Rasco compassionate release [Record Document 58] is hereby **VACATED** to ensure Rasco is properly served with a copy of the Government's opposition.

**IT IS FURTHER ORDERED** that the Government properly serve Rasco with a copy of its opposition on or before **May 29, 2025**. Rasco may file a reply brief in response to the Government's opposition on or before **June 26, 2025**.

**THUS DONE AND SIGNED** this 23rd day of May, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE